■ In the Matter of Injah Tafari, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent.

[865 NYS2d 780]—Appeal from a judgment of the Supreme Court (Lynch, J.), entered March 6, 2007 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent restricting petitioner's visitation privileges.

In December 2005, while incarcerated at Eastern Correctional Facility in Ulster County, petitioner was charged in two misbehavior reports with violating numerous prison disciplinary rules. The reports stemmed from petitioner's inappropriate visiting room conduct with a woman, as well as his combative interaction with correction officers following the visiting room incident. After separate tier III disciplinary hearings, petitioner was found guilty of all charges. As a result, restrictions were placed upon petitioner's visitation privileges. Petitioner administratively appealed the determination restricting his visitation and then commenced this CPLR article 78 proceeding seeking to annul the determination. Supreme Court granted respondent's motion to dismiss the petition and this appeal ensued.

The Attorney General has advised this Court that, upon petitioner's transfer to Clinton Correctional Facility in Clinton County in December 2007, the visitation restrictions which had been imposed ceased to be effective. Consequently, because petitioner's visitation privileges are no longer limited, he cannot be said to be aggrieved by the determination underlying this proceeding and his appeal must be dismissed as moot (*see Matter of Medina v New York State Dept. of Correctional Servs.*, 43 AD3d 1236 [2007]).

Peters, J.P., Carpinello, Rose, Kane and Stein, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.